IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3264-FL

| FERNANDO PALMA CARIAS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNIE HARRISON, E.A. BLOMGREN, JAMES MICHAEL CORNAIRE, DWIGHT YOKUM, and THE UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

NO. 5:14-CT-3104-FL

| FERNANDO PALMA CARIAS, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE DRUG ENFORCEMENT ADMINISTRATION, WILLIAM ATWELL, LANCE ANTHONY, MICHAEL WILLIAMS, D. TAYLOR, K. MANNING, and ATTORNEY GENERAL ERIC HOLDER, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The action is before the court on plaintiff's motion to amend (DE 22), plaintiff's motion for reconsideration (DE 35), and defendants' first motion for an extension of time to complete discovery (DE 42), filed in <u>Carias v. Harrison</u>, No. 5:13-CT-3264-FL (E.D.N.C.). Defendants responded to

plaintiff's motion to amend, but did not respond to plaintiff's motion for reconsideration. Also before the court are defendants' motion to dismiss (DE 15) pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's motion to join parties (DE 18), which the court construes as a motion for consolidation pursuant to Federal Rule of Civil Procedure 42, filed in Carias v. Drug Enforcement Agency, No. 5: 14-CT-3104-BO (E.D.N.C.). The motions were fully briefed. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On October 25, 2013, plaintiff instituted the action captioned Carias v. Harrison, 5:13-CT-3264-FL (E.D.N.C. Oct. 25, 2013) ("Carias I"), pursuant to 42 U.S.C. § 1983, against defendants Wake County Sheriff Donnie Harrison ("Harrison"), Wake County Investigator E.A. Blomgren ("Blomgren"), and Wake County Deputy Sheriff James Michael Cornaire ("Cornaire"). Plaintiff alleged that these defendants violated his constitutional rights in the course of arresting plaintiff. The court subsequently entered an order allowing plaintiff to proceed with his action.

On April 28, 2014, plaintiff instituted the action captioned Carias v. the Drug Enforcement Agency, 5:14-CT-3104-BO (E.D.N.C. Apr. 28, 2014) ("Carias II"), pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against defendants the Drug Enforcement Agency ("DEA"), DEA Agent William Atwell ("Atwell"), DEA Agent Lance Anthony ("Anthony"), DEA Agent Michael Williams ("Williams"), DEA Agent D. Taylor ("Taylor"), and DEA Agent K. Manning ("Manning"). Plaintiff alleged in his Bivens action that defendants violated his constitutional rights by failing to protect him from being exposed as a confidential informant.

2

In July 2014, plaintiff filed motions to amend his complaint in both <u>Carias</u> I and II. On November 6, 2014, the court, in <u>Carias</u> I, granted plaintiff's motion to amend his complaint to include a retaliation claim against Wake County Sheriff's Office Investigator Dwight Yokum ("Yokum") as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). In the same order, the court conducted a frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed without prejudice plaintiff's retaliation claim against Yokum. As for plaintiff's motion to amend filed in <u>Carias</u> II, the court entered an order allowing plaintiff's complaint and amended complaint to proceed against the DEA agents individually, but dismissing the United States Attorney General Eric Holder and the DEA from this action. The court in <u>Carias</u> II also construed plaintiff's claim as one pursuant to the Fourteenth Amendment to the United States Constitution, because the challenged conduct occurred prior to plaintiff's state incarceration.

On December 19, 2014, defendants in <u>Carias</u> II filed a motion to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

Ten days later, plaintiff filed a second motion to amend his complaint in <u>Carias</u> I, seeking to add the defendants named in <u>Carias</u> II, as well as Wake County, the unidentified indemnitor for Wake County, James Michael Cornaire, the Director of the DEA, Nardine Mary Guirguis, Harnett County, the United States Immigration and Customs Enforcement ("ICE") Director, Christopher Brant, and an unidentified ICE Agent. After permitting defendants additional time to respond, defendants responded to plaintiff's motion to amend and opposed the addition of new parties. Plaintiff then filed a motion for reconsideration of the court's order granting the defendants in <u>Carias</u> I an extension of time to respond to plaintiff's motion to amend.

3

On January 12, 2015, plaintiff in Carias II filed his motion to consolidate Carias I and II. In response, on February 13, 2015, defendants in Carias II filed a notice of related cases in both Carias I and II, and stated that they do not oppose plaintiff's motion to consolidate on the grounds that Carias I and II are so substantially similar as to not warrant repetition of the parties' and courts' efforts.

**DISCUSSION**

A.  Motion to Consolidate

Plaintiff requests that this court consolidate the above-captioned actions. Defendants in Carias II consent to the proposed consolidation, and defendants in Carias I have not directly opposed plaintiff's motion to consolidate.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The Fourth Circuit has held that a district court has "broad discretion under F.R. Civ. P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977). The court has carefully reviewed both cases and finds that the actions present common questions of law and fact. The court further finds that defendants would not suffer prejudice as a result of the consolidation of his actions. As a result, the court GRANTS plaintiff's motion to consolidate. All future filings shall bear both captions and all future docket entries shall be docketed in the lead case, Carias v. Harrison, No. 5:13-CT-3264-FL (E.D.N.C. Oct. 25, 2013).

B.  Motion to Amend

Plaintiff filed a motion to amend his complaint in Carias I to supplement his allegations and to add additional parties. The court GRANTS plaintiff leave to amend his complaint. See Fed. R.

4

Civ. P. 15(a). Given the court's consolidation of plaintiff's actions in Carias I and II and the fact that plaintiff's claims are woven sporadically among his pleadings, the court directs plaintiff to particularize his action and to file one amended complaint in the lead case, Carias I. Plaintiff is directed to clearly set forth each of his claims against each of the defendants in one single complaint. The court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Finally, plaintiff may not, in his amended pleading, name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. 1915(e)(2)(B) once it is filed.

C.   Motion to Dismiss

Defendants in Carias II filed a motion to dismiss on December 19, 2014. In light of the court's consolidation of this action with Carias I and the fact that the court directed plaintiff to file one amended complaint, the motion to dismiss is DENIED as MOOT.

D.   Motion for Reconsideration

Plaintiff in Carias I filed a motion for reconsideration of the court's order granting defendants a third extension of time to respond to plaintiff's motion to amend. The court finds its initial determination granting the extension of time to be appropriate, and DENIES plaintiff's motion for reconsideration.

E.  Motion for an Extension of Time

Defendants Harrison, Blomgren, and Cornaire request an extension of time until May 22, 2015, to respond to plaintiff's interrogatories and requests for production of documents. For good cause shown, defendants' motion is GRANTED.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motion to consolidate (DE 18) filed in <u>Carias</u> II is GRANTED, and all future filings shall bear both captions and all future docket entries shall be docketed in the lead case, <u>Carias v. Harrison</u>, No. 5:13-CT-3264-FL (E.D.N.C. Oct. 25, 2013);

(2) Plaintiff's motion to amend (DE 22) filed in <u>Carias</u> I is GRANTED, and plaintiff is DIRECTED to file his <u>one</u> particularized amended complaint in the lead case within 14 days of this court's order. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) once it is filed. Upon completion of that review an order will follow. Should plaintiff be allowed to proceed with his amended complaint, defendants shall file an answer no later than 14 days from the entry of said order. In the event plaintiff fails to respond to this court's order by filing one amended complaint, the clerk shall, without further order of the court, enter judgment dismissing the action without prejudice.

(3) Defendants' motion to dismiss (DE 15) filed in <u>Carias</u> II is DENIED as MOOT;

(4) Plaintiff's motion for reconsideration (DE 35) filed in <u>Carias</u> I is DENIED;

(5) Defendants' motion for an extension of time to respond to plaintiff's discovery requests (DE 42) is GRANTED;

6

(6) The deadlines set forth in the court's December 9, 2014, case management order are VACATED, and a new case management order will be issued following the court's frivolity review of plaintiff's amended complaint.

SO ORDERED, this the 11th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge