IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3264-FL

| | | |
|---|---|---|
| FERNANDO PALMA CARIAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DONNIE HARRISON, E.A. | ) | |
| BLOMGREN, JAMES MICHAEL | ) | |
| CORNAIRE, NARDINE MARY | ) | |
| GUIRGUIS, DWIGHT YOKUM, and | ) | |
| THE UNIDENTIFIED INDEMNITOR | ) | |
| FOR WAKE COUNTY, | ) | |
|     Defendants. | ) | |

NO. 5:14-CT-3104-FL

| | | |
|---|---|---|
| FERNANDO PALMA CARIAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| THE DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, WILLIAM | ) | |
| ATWELL, LANCE ANTHONY, | ) | |
| MICHAEL WILLIAMS, D. TAYLOR, | ) | |
| K. MANNING, DRUG | ) | |
| ENFORCEMENT AGENCY | ) | |
| DIRECTOR, CHRISTOPHER BRANT, | ) | |
| TOM HALVAS, UNITED STATES | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT AGENCY | ) | |
| DIRECTOR, THE UNITED STATES OF | ) | |
| AMERICA, and ERIC HOLDER, | ) | |
|     Defendants. | ) | |

These consolidated cases are before the court on the federal defendants' motion for leave to depose plaintiff (DE 105). The issues raised have been briefed fully and are ripe for adjudication.

The federal defendants seek leave to depose plaintiff, an incarcerated witness, pursuant to Federal Rule of Civil Procedure 30(a)(2). Plaintiff objects on the grounds that he is *pro se* and does not have counsel to represent him at the deposition. However, there is no constitutional right to appointment of counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The discovery process is not an exceptional circumstance necessitating counsel. See, Reeves. v. Ransom, No. 1:10CV56, 2011 WL 4549144, at *8 (M.D.N.C. Sep. 29, 2011) ("[Defendant's] inability to afford counsel and the effect of his imprisonment on his ability to litigate his case are insufficiently exceptional to merit appointment of counsel . . . . Almost every prisoner bringing a § 1983 claim would be able to cite the same circumstances as plaintiff here, and so the Court can hardly consider these circumstances to be exceptional.") (internal quotation and citations omitted); Smith v. Berlin, No. 3:12–cv–7358, 2013 WL 3929777, at *1 (S.D.W. Va. July 29, 2013) (finding that plaintiff's inability to conduct discovery, including depositions, on account of his incarceration did not merit appointment of counsel), appeal dismissed, 591 F. App'x 209 (4th Cir. 2015). Based upon the foregoing, plaintiff's lack of counsel is not a sufficient ground to deny the federal defendants' motion for leave to depose plaintiff, and the federal defendants' motion is GRANTED.

The court now turns to plaintiff's request that his deposition be delayed until after he receives the federal defendants' outstanding discovery responses. The federal defendants seek to depose plaintiff, in part, in order to clarify plaintiff's claims. For this reason, the court deems it in the interest of justice to permit plaintiff access to the federal defendants' discovery responses prior to the date of plaintiff's deposition. Based upon the foregoing, the federal defendants must schedule

plaintiff's deposition no earlier than May 23, 2016, and no later than May 30, 2016. The federal defendants are strongly encouraged to provide plaintiff their discovery responses on a rolling basis as the materials become available, and to work together with plaintiff to resolve any discovery disputes. Finally, the court extends the dispositive motion deadline in this action to June 20, 2016. Absent extraordinary circumstances, no further extensions of the case management deadlines will be permitted.

Finally, plaintiff states that he has difficulty understanding the English language and will have problems fully comprehending the deposition questions. Accordingly, the federal defendants are DIRECTED to provide plaintiff a Spanish language interpreter for the deposition.

In summary, the court rules as follows:

(1) The federal defendants' motion for leave to depose plaintiff (DE 105) is GRANTED. It is further ordered that the deposition of plaintiff will occur at his place of confinement, in a room designated by the director of said institution, and at a time mutually agreed upon by the custodian of plaintiff and counsel for defendants;

(2) Plaintiff's deposition may not be scheduled earlier than May 23, 2016, or later than May 30, 2016;

(3) The federal defendants are DIRECTED to provide plaintiff a Spanish language interpreter for the deposition;

(4) The dispositive motion deadline now is June 20, 2016.

SO ORDERED, this the 20th day of April, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge